UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARQUIS KINNEL,
    Plaintiff,

v.                                      Case No. 3:24-CV-1701 (OAW)

BARTON, et al.,
    Defendants.

## INITIAL REVIEW ORDER

Marquis Kinnel ("Plaintiff"), currently incarcerated and proceeding *pro se*, has sued nine defendants in their individual capacity: Connecticut Department of Correction, New Haven County Prison, Correctional Officer Barton, Lieutenant Flowers, Correctional Officer Catala, Lieutenant Perno, Director Snyder, Warden Brunelle, and Commissioner Quiros. ECF No. 1 at 1–5. Plaintiff alleges civil rights violations (via 42 U.S.C. § 1983) under the Eighth and Fourteenth Amendments to the Constitution of the United States, conspiracy to commit such acts, and state assault and battery claims. *Id.* at 8. He seeks monetary damages, punitive damages, declaratory relief, and injunctive relief. *Id.* at 9.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints which seek redress from a governmental entity, governmental officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b)(1)–(2).

The court has reviewed Plaintiff's complaint. For the reasons herein, all claims are **DISMISSED** except the Eighth Amendment failure to protect claim against Office Barton.

1

I.  **FACTUAL BACKGROUND**

Plaintiff has been a sentenced prisoner since November 9, 2012.  *See* [Department of Correction Inmate Information Search](). His maximum release date is June 14, 2031, and he is housed at MacDougall-Walker Correctional Institution ("MacDougall").  *Id.*  He was surprised to be awakened by a correctional officer and told he had to go to Waterbury court.  *See* ECF No. 1 at ¶¶ 16–17.  State websites show no pending or recently resolved criminal cases, nor any active warrants.  Nonetheless, Plaintiff complied.  *Id.*

After the state court proceeding concluded, Plaintiff was transported to the New Haven Correctional Center ("NHCC").  *Id.* at ¶ 17.  While there, Plaintiff was strip-searched and directed to enter the "bullpen area."  *Id.* at ¶ 18.  Plaintiff noticed the victim of his "current case" in one of the bullpens.  *Id.*  The victim also noticed Plaintiff but could not confirm Plaintiff's identity because Plaintiff was wearing a COVID mask.  *Id.*

Officer Barton instructed Plaintiff to enter the bullpen.  *Id.* at ¶ 19.  Plaintiff responded, "I'll have a problem if I go in there because a victim in my case is in the bullpen, and I have a keep away with him."  *Id.*  Plaintiff repeated this statement twice more, but Officer Barton ignored Plaintiff and insisted that Plaintiff enter the bullpen.  *Id.*

Plaintiff's victim confirmed Plaintiff's identity, ran out of the bullpen, and attacked Plaintiff.  *Id.* at ¶ 20.  Plaintiff alleges that Officer Barton could have prevented the attack by listening to his warnings or closing the bullpen door but Officer Barton failed to do either.  *Id.*  The inmates proceeded to fight.  *Id.* at ¶ 21.  To stop their altercation, Defendants Flowers and Perno sprayed Plaintiff with a chemical agent and placed Plaintiff in a bullpen alone until he was transported back to MacDougall.  *Id.* at ¶ 24.

2

Once back at MacDougall, Plaintiff was placed in restrictive housing and charged with a Class A disciplinary charge. That charge was dismissed the next day and Plaintiff was released from restrictive housing. *Id.*

## II. DISCUSSION

### A. Defendants Department of Correction and New Haven County Prison

To state a claim under section 1983, a plaintiff plausibly must allege that a person acting under color of state law deprived him of a federally protected right. *See* 42 U.S.C. § 1983; *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 924 (1982); *Blyden v. Mancusi,* 186 F.3d 252, 264 (2d Cir. 1999).

The Department of Correction and the New Haven Correctional Center are not persons within the meaning of section 1983, so any claim brought against either of these defendants is dismissed pursuant to 28 U.S.C. § 1915(a)(B)(1). *Thomas v. Department of Corr.*, No. 3:23-cv-1681 (SVN), 2024 WL 1658460, at *3 (D. Conn. Apr. 17, 2024) ("The Department of Correction is a state agency and is not a "person" subject to suit under section 1983.") (citation modified); *Galasso v. New Haven Corr. Ctr.*, No. 3:23-cv-29(VAB), 2023 WL 2457582, at *2 (D. Conn. Mar. 10, 2023) (dismissing claim as lacking a legal basis to proceed because a state correctional institution is not a person under section 1983).

### B. Defendant Catala

A plaintiff seeking monetary damages from a defendant must allege facts that establish a defendant's personal involvement in the alleged constitutional violation. *See*

3

*Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (citation omitted).

Although Plaintiff names Officer Catala as a defendant, Plaintiff merely states that Officer Catala works at MacDougall in his description of the parties. ECF No. 1 at 2. Plaintiff fails to allege any facts articulating Officer Catala's personal involvement in any alleged constitutional deprivation and thus fails to state a plausible claim against Officer Catala upon which relief can be granted. Therefore, any claim brought against Officer Catala is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

### C. <u>Supervisory Liability – Commissioner Quiros, Director Snyder, and Warden Brunelle</u>

Plaintiff alleges that "Director Snyder being the Head of Population Management holds the responsibility of placing inmates in their designated area and therefore holds the responsibility of me being attacked by my victim…" Doc. No. 1 at ¶ 23; that Warden Brunelle "failed to have the trained staff that it takes to run his facility," *id.* ¶ 25; and that Commissioner Quiros failed to protect him from a preventable attack, *id.* ¶ 26. Snyder, Brunelle, and Quiros are all supervisors.

The United States Court of Appeals for the Second Circuit has held that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2020) (quoting *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 676 (2009)).  Therefore, constitutional violations "must be established against [every] supervisory official directly." *Id.*

Plaintiff merely alleges that Defendants did not do their job and that resulted in his attack. *See generally id.* at ¶ 23–26.  Those claims are toothless because they implicitly rely on a supervisory theory of liability held non-cognizable under *Tangreti v. Bachmann*, 983 F.3d 609, 618.  Plaintiff also fails to allege facts demonstrating Defendants' direct involvement in any constitutional violation.

Because Plaintiff cannot recover under a theory of supervisory liability, any claim alleging supervisory liability is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Because Plaintiff failed to allege any facts demonstrating these Defendants' personal involvement in a constitutional violation, any claim brought against Defendants Quiros, Snyder, and Brunelle are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## D.  **Eighth Amendment – Failure to Protect / Deliberate Indifference to Safety**

Plaintiff alleges an Eighth Amendment failure to protect / deliberate indifference claim based on the premise that Defendants failed to protect him from harm from his victim.  *See* ECF No. 1 at 5.

The Eighth Amendment applies to sentenced inmates like Plaintiff.  *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999).

To state an Eighth Amendment failure to protect claim, a plaintiff must allege (1) he was confined under conditions that posed a substantial risk of serious harm—the

objective prong—and (2) that the defendant both knew that he faced a substantial risk of serious harm and failed to take reasonable actions to abate or avert that harm—the subjective prong. *Id.* at 837; *Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015) (citation modified).

Under the objective prong, there is no "bright line test" to determine whether a risk of serious harm is "substantial." *Lewis v. Siwicki*, 944 F.3d 427, 432 (2d Cir. 2019). The court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violated contemporary standards of decency to expose *anyone* unwillingly to such a risk," i.e., "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

Under the subjective requirement, the defendant's actions must surpass negligence; the prison official must have acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Farmer v. Brennan*. 511 U.S. 825, 833 (1994); *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

Plaintiff alleges Officer Barton failed to protect Plaintiff from harm for two separate reasons. See ECF No. 1 at 19–20. First, Plaintiff alleges he told Officer Barton three times that his victim was in the cell and that he had a separation profile with the victim, but Officer Barton ignored him and ordered him to enter the cell. *Id.* Second, when the victim rushed towards Plaintiff to attack him, Officer Barton failed to close the cell door to prevent the attack. *Id.*

Construing the facts liberally, the court finds that Plaintiff has alleged facts

6

sufficient to state an Eighth Amendment excessive force claim against Officer Barton; Plaintiff may argue that Officer Barton was reckless for ignoring Plaintiff's warnings and allowing the fight to ensue. *See Farmer v. Brennan.* 511 U.S. 825, 843 n.8 (1994) ("a prison official … would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist"). Furthermore, Plaintiff's confinement in a cell by himself after the incident occurred shows that Officer Barton could have kept Plaintiff separated from his victim to verify Plaintiff's statements and protect Plaintiff from his victim. So, rather than taking action to avert the harm, Officer Barton caused the conditions.

At this stage of litigation, the court considers the allegations sufficient to plausibly state an Eighth Amendment failure to protect claim against Officer Barton. The court finds that these claims would benefit from further development of the record and the adversarial process. Accordingly, the deliberate indifference to safety / failure to protect claim will proceed against Officer Barton. Defendant may file a motion to dismiss if he believes the allegations fail to state a claim for relief.

### E. Eighth Amendment – Excessive Force

Plaintiff alleges that Lieutenants Flowers and Perno responded to the fight between him and his victim by spraying Plaintiff with a chemical agent. ECF No. 1, at 6 ¶ 24. Although Plaintiff does not explicitly assert an Eighth Amendment excessive force claim, the court construes Plaintiff's allegations as an attempt to state such a claim.

To state an Eighth Amendment excessive force claim, Plaintiff must allege facts establishing subjective and objective components. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *Sims v. Artuz*, 230 F.3d 14, 20–21 (2d Cir. 2000).

The subjective component requires a plaintiff to show the alleged force was carried out 'maliciously and sadistically' to cause harm rather than as part of a 'good-faith effort to maintain or restore discipline. *Sims v. Artuz*, 230 F.3d at 21 (citing *Hudson*, 503 U.S. at 7). The extent of an inmate's injuries is one factor the court may use to determine whether the prison official could "plausibly" have considered the force necessary to maintain or restore discipline in a particular situation. *Hudson*, 503 U.S. at 7. Other factors include "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any effort made to temper the severity of a forceful response." *Id.* (internal quotation marks and citation omitted).

The objective component is contextual; it focuses on the nature of the harm done to the inmate as measured by "contemporary standards of decency." *Id.* at 9. In practice, the Second Circuit has recognized, at least, three distinct ways that inmates can satisfy the objective component of an Eighth Amendment excessive force claim.

First, a plaintiff can allege a prison official "maliciously and sadistically use[d] force to cause harm" with no proper penological purpose. *Sims v. Artuz*, 230 F.3d at 21 (citing *Hudson*, 503 U.S. at 7). If proven, a defendant's conduct constitutes a *per se* violation of the Eighth Amendment because contemporary standards of decency are always violated when prison officials maliciously and sadistically use force to cause harm, regardless of

8

whether the plaintiff suffers a significant[1] injury. *Hudson*, 503 U.S. at 8; *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999).

Second, a plaintiff can allege that a *de minimis*[2] application of force constitutes a constitutional deprivation because the force complained about is repugnant to the consciousness of mankind. *See e.g.*, *U. S. v. Walsh*, 194 F.3d 37, 41–42, 48–51 (2d Cir. 1999) (noting that if the officer's conduct—stepping on the prisoner's penis as an exchange for giving the prisoner a cigarette—were deemed *de minimis,* "it would fall within *Hudson*'s explicit exception that even *de minimis* uses of force are unconstitutional if they are 'repugnant to the conscience of mankind'").

Third, a plaintiff can allege that although some force was justifiable, the degree of force was excessive under the circumstances. *See e.g.*, *Martinez v. Rosado*, 614 F.2d 829, 831 (2d Cir. 1980) (holding a prisoner's refusal of orders did not "justify a physical assault [by officers] absent some evidence … that *the degree* of force utilized by the officer was proper under the circumstances") (emphasis added).

Plaintiff merely alleges that Defendants Flowers and Perno responded to the incident by deploying a chemical agent. ECF No. 1, at 6 ¶ 24. Even after drawing all factual inferences in favor of Plaintiff, the court finds that Defendants Perno and Flowers

---

[1] Although some degree of injury typically is required to mount a successful excessive force claim, the inmate does not need to show that he suffered a significant injury. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) ("[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.") (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992) (internal quotation marks omitted)). The extent of a plaintiff's injuries is a damages question. *See id.* (distinguishing liability and damages).

[2] A "*de minimis* use of force will rarely suffice to state a constitutional claim." *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993); *accord Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992).

employed force for a constitutionally permissive purpose—to restore order and end the inmates' fight—and in a constitutionally permissible manner.  Plaintiff has not alleged facts suggesting that the Defendants maliciously or sadistically employed the chemical agent, that spraying Plaintiff with a chemical agent was repugnant to the consciousness of mankind, or that it was excessive under the circumstances.  Plaintiff also does not recognize allege another example of impermissible excessive force.  Thus, Plaintiff's complaint fails to satisfactorily allege a permissible theory of Eighth Amendment excessive force liability.  And although the court cannot foresee a ground to allege an Eighth Amendment excessive force claim, Plaintiff's claim (against all defendants) is dismissed without prejudice and with leave to amend.

### F. Due Process

Plaintiff asserts a claim for denial of his due process rights on the basis that he was given a false investigation report and confined in restrictive housing.  Documents attached to the Complaint show that Plaintiff was held on administrative detention while the disciplinary report for fighting was investigated.  The morning after the incident, the disciplinary charge was dismissed, and Plaintiff was released from restrictive housing.

To state a claim for a violation of procedural due process, a plaintiff must allege facts showing that they (1) had a protected liberty interest and (2) that they were deprived of that interest without being afforded due process of law.  *See Walker v. Fischer*, 523 F. App'x 43, 44 (2d Cir. 2013) (citing *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001)).

In *Sandin v. Conner*, the Supreme Court of the United States held that a liberty interest warranting due process protection "will generally be limited to freedom from

restraint which … imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 484 (1995). The Supreme Court further held that confinement in the restrictive housing unit for thirty days for disciplinary reasons did not implicate a constitutionally protected liberty interest. *Id.* at 485–86. The Second Circuit has expanded *Sandin*, holding that confinement in restrictive housing for less than 101 days, while "doubtless unpleasant" does not rise to the level of an atypical and significant hardship. *Sealey v. Giltner*, 197 F.3d 578, 589 (2d Cir. 1999).

Here, Plaintiff was held in restrictive housing on administrative detention while his disciplinary report was investigated. *See* Doc. No. 1 at 14–15. He was released the following morning when the disciplinary charge was dismissed. *Id.* He spent less than one day in restrictive housing which does not constitute an atypical and significate hardship under *Sandin*. Therefore, Plaintiff's confinement in restrictive housing does not amount to a due process violation.

Furthermore, the issuance of a false disciplinary report is insufficient, in and of itself, to support a claim for denial of due process. *See Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997). A "false disciplinary report 'violates due process only when … procedural protections were denied that would have allowed the inmate to expose the falsity of evidence against him or where the fabrication of evidence was motivated by a desire to retaliate" because the inmate exercised "his substantive constitutional rights.'" *Fonck v. Semple*, No. 3:18-CV-1283(KAD), 2019 WL 1763081, at *3 (D. Conn. Apr. 22, 2019) (quoting *Mitchell v. Senkowski,* 158 F. App'x 346, 349 (2d Cir. 2005)).

11

Plaintiff neither makes a specific allegation that he was denied a required procedural safeguard or that the conduct at issue was constitutionally protected and a substantial or motivating factor in Defendants' decision to retaliatorily punish. *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005). Plaintiff therefore fails to allege a due process violation related to an alleged false disciplinary report.

Plaintiff's due process claim is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

### G. Supplemental Jurisdiction Over State Law Claims

Plaintiff asserts state law claims for assault and battery against all defendants.

A district court has discretion to retain or decline supplemental jurisdiction over a state law claim asserted against a defendant who has no federal claims pending against him. *See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296–308 (2d Cir. 2004) (noting "[t]he fact that the district court has the power to hear [] supplemental claims does not mean, of course, that it must do so"). District courts turn to 28 U.S.C. § 1367(c) to determine whether to exercise that discretion.

Based on the current record, the only defendants who used force—the factual predicates of Plaintiff's assault and battery claims—against Plaintiff were Lieutenants Flowers and Perno. The court declines to exercise supplemental jurisdiction over the state law assault and battery claims because it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff's assault and battery claims are dismissed.

12

### H. Conspiracy

Plaintiff alleges that "the defendants… acted jointly, willfully, and in conspiracy with each other. Each defendant aided and abetted the others in carrying out the acts described herein and thereby deprived the Plaintiff of his rights secured to him by the Constitution." ECF No. 1 at 4. The court construes Plaintiff's allegation as a § 1983 conspiracy claim against all nine defendants.

To state a § 1983 conspiracy claim, a plaintiff must plead: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

Plaintiff's bare allegations do not satisfy any of the elements necessary to plead a § 1983 conspiracy claim. Plaintiff's conspiracy claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) against all Defendants.

### I. Declaratory, Injunctive Relief, and Punitive Damages

Although Plaintiff states "[t]his action is to recover for damages suffered," Doc. No. 1 at 2, Plaintiff also requests declaratory relief, injunctive relief, and punitive damages. ECF No. 1 at 10.

#### i. *Declaratory Relief*

Plaintiff seeks a declaration that "the acts and omissions described herein violated [his] rights under the Constitution and laws of the United States." *Id.*

Declaratory relief serves to "settle legal rights and remove uncertainty from legal relationships without awaiting a violation of the rights or a disturbance of the relationship."

13

*Colabella v. American Inst. of Certified Pub. Accountants*, No. 10-cv-229 (KAM)(ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 22, 2011) (citation omitted).  As such, "[d]eclaratory relief operate[s] prospectively to enable parties to adjudicate claims before either side suffers great damages."  *Orr v. Waterbury Police Dep't*, No. 3:17-cv-788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018).  Because Plaintiff's request for declaratory relief concerns past incidents, his request for declaratory relief is not cognizable and is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

  ii. <u>Injunctive Relief</u>

Plaintiff also seeks an order that all defendants "create a better and safer living condition and tend to every prisoner['s] safe[ty] and well-being."  ECF No. 1 at 10 ¶ 9.

Federal courts can order prospective injunctive relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."  18 U.S.C. § 3626(a).  Thus, when awarding injunctive relief, a court must ensure the relief is narrowly tailored to the scope of the violation, extending no further than necessary to remedy the violation.  *See Brown v. Plata*, 563 U.S. 493, 531 (2011).  A court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution."  *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)).

The court dismisses Plaintiff's injunctive relief claim because, among other things, it does not identify which federal rights should be enjoined, and a plain reading of Plaintiff's request is suggestive of an overbroad remedy.

14

### iii. *Punitive Damages*

Plaintiff also seeks "[p]unitive damages in the amount of $10,000 against each defendant." ECF No. 1 at 10 ¶ 11.

"Punitive damages are simply one type of relief that may be sought in connection with a particular substantive claim." *Lieberman v. City of Rochester*, No. 07-CV-6316L, 2011 WL 13110345, at *10 (W.D.N.Y. Apr. 29, 2011), *aff'd*, 558 F. App'x 38 (2d Cir. 2014). Punitive damages are awarded to punish a defendant for their conduct and to promote specific and general deterrence. *See Smith v. Wade*, 461 U.S. 30, 49 (1983). Whether a plaintiff is entitled to an award of punitive damages "is intertwined with the issue of liability" on particular claims and is "dependent on a determination of the same factual issues." *Lieberman*, 2011 WL 13110345, at *10.

Since Plaintiff may proceed on his Eighth Amendment excessive force claim against Office Barton, it is premature to dismiss his request for punitive damages on that claim. *See id.* (denying defendant's motion for judgment on the pleadings because Plaintiff could prove liability on his Fourth Amendment excessive force claim, entitling him to allege punitive damages). The court remains agnostic on the merits of a punitive damage award. Notably, however, because each of Plaintiff's other claims against each of the other eight defendants have been dismissed, Plaintiff's request for punitive damages only survives as it pertains to his Eighth Amendment excessive force claim against Officer Barton.

15

**III.    ORDERS**

For the reasons set forth herein, it is hereby ORDERED AND ADJUDGED as follows:

1. Plaintiff may proceed on the Eighth Amendment failure to protect claim against Officer Barton in his individual capacity for compensatory and punitive damages only.

2. All claims against Defendants Catala, Quiros, Snyder, Flowers, Perno, and Brunelle are dismissed without prejudice.

3. Plaintiff's Eighth Amendment excessive force claims are dismissed without prejudice.

4. Plaintiff's conspiracy claims are dismissed without prejudice.

5. Plaintiff's request for punitive damages against all defendants, except Officer Barton, is dismissed without prejudice.

6. Plaintiff's requests for declaratory and injunctive relief are dismissed without prejudice.

7. All claims against the Department of Correction and the New Haven County Prison are dismissed with prejudice.

8. All claims predicated on a theory of supervisory liability are dismissed with prejudice.

9. The court declines to exercise supplemental jurisdiction over the state law claims for assault and battery.

10. Plaintiff has two options as to how to proceed in response to this Initial Review Order:

(1) If Plaintiff wishes to proceed immediately on the failure to protect claim against Officer Barton, he may do so without further delay. If Plaintiff selects this option, he shall file a "notice" on the docket by October 23rd, informing the court that he elects to proceed with service of process regarding the Eight Amendment failure to protect claim against Officer Barton. The court will then enter a scheduling order and effect service of process on Officer Barton.

(2) Alternatively, if Plaintiff wishes to replead any of the claims asserted in his complaint which have been dismissed—in order to attempt to state a viable claim—he may file an amended complaint by October 23rd. Plaintiff is cautioned that if he files an amended complaint, his amended complaint will completely replace the current operative complaint. As a result, if Plaintiff elects to file an amended complaint, the current operative complaint will not proceed to service of process on any defendant. And when the court evaluates the amended complaint, it will not consider any allegations made in the current operative complaint. Furthermore, the amended complaint may not incorporate by reference the current operative complaint, so the Plaintiff must carefully comply with the pleading rules and correct the pleading deficiencies identified in this Order. The court will review the amended complaint to determine whether it alleges cognizable claims

17

against proper defendants and therefore satisfactorily proceed to service of process on any defendants named therein.

If the court receives no response from Plaintiff by October 23rd, the court will presume that Plaintiff wishes to proceed with service of process of the complaint, allowing only the claims that are permitted to go forward as identified in this Initial Review Order. After October 23rd, Plaintiff will have to show good cause if he seeks to amend the complaint in any manner.

**Changes of Address.** If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to include the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address.

IT IS SO ORDERED at Hartford, Connecticut, this 22nd day of September, 2025.

/s/
Omar A. Williams
United States District Judge